# EXHIBIT B

**D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
Four Century Drive | Suite 350
Parsippany, New Jersey 07054
Tel.: 973.734.3200
Fax: 973.734.3201
Email: npeters@darcambal.com
By: Nada M. Peters, Esq. (NJ Att. Id: 027942004)
Defendant, Wal-Mart Stores East, LP (improperly pled as Walmart Inc.)

|  |  |
|---|---|
| JERILYN SERGEANT,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART INC., NORTH BERGEN EAT II LLC and/or "ABX COMPANY 1-5:, "DEF COMPANY 1-5" XYZ MAINTENANCE COMPANY 1-5" (the last three being fictitious designations),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGAN COUNTY<br><br>DOCKET NO.: BER-L-001981-20<br><br>CIVIL ACTION<br><br>**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, DEMAND FOR STATEMENT OF DAMAGES, DEMAND FOR ANSWERS TO INTERROGATORIES AND CERTIFICATION PURSUANT TO R. 4:5-1(b)(2)** |

Defendant, Wal-Mart Stores East, LP (improperly pled as Walmart Inc.) ("Defendant"), hereby answers Plaintiff's Complaint as follows:

FIRST COUNT

1. Defendant admits only that Plaintiff was present at the retail store operated by Wal-Mart Stores East, LP, located in North Bergen, New Jersey on October 5, 2018. Except as herein specifically admitted, Defendant denies the remaining allegations of paragraph 1 of the First Count of the Complaint.

2. Defendant admits only that it operates a retail store located at 2100 88th Street, North Bergen, Hudson County, New Jersey. Except as herein specifically admitted, Defendant denies the remaining allegations of paragraph 2 of the First Count of the Complaint.

3. The allegations of paragraph 3 of the First Count of the Complaint are narrative and/or assert legal conclusions, and therefore no response is required thereto and the allegations are deemed denied.

4. Defendant denies the allegations of paragraph 4 of the First Count of the Complaint.

5. Defendant denies the allegations of paragraph 5 of the First Count of the Complaint.

6. Defendant denies the allegations of paragraph 6 of the First Count of the Complaint.

7. Defendant denies the allegations of paragraph 7 of the First Count of the Complaint.

8. Defendant denies the allegations of paragraph 8 of the First Count of the Complaint.

WHEREFORE, Defendant, Wal-Mart Stores East, LP (improperly pled as Walmart Inc.), denies that Plaintiff is entitled to the relief requested in the Complaint, and requests that the Complaint be dismissed with prejudice, and that Defendant be awarded attorneys' fees, costs of suit and such other relief as the Court deems just.

## SECOND COUNT

1. Defendant repeats and reiterates its responses to the allegations contained in the First Count of the Complaint as if set forth herein at length.

2. To the extent the allegations of paragraph 2 of the Second Count of the Complaint are directed to Defendant, they are denied. Otherwise, Defendant denies that it has

knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 2 of the Second Count of the Complaint.

3. The allegations of paragraph 3 of the Second Count of the Complaint are narrative and/or assert legal conclusions, and therefore no response is required thereto and the allegations are deemed denied.

4. Defendant denies the allegations of paragraph 4 of the Second Count of the Complaint.

5. Defendant denies the allegations of paragraph 5 of the Second Count of the Complaint.

6. Defendant denies the allegations of paragraph 6 of the Second Count of the Complaint.

7. Defendant denies the allegations of paragraph 7 of the Second Count of the Complaint.

WHEREFORE, Defendant, Wal-Mart Stores East, LP (improperly pled as Walmart Inc.), denies that Plaintiff is entitled to the relief requested in the Complaint, and requests that the Complaint be dismissed with prejudice, and that Defendant be awarded attorneys' fees, costs of suit and such other relief as the Court deems just.

### THIRD COUNT

1. Defendant repeats and reiterates its responses to the allegations contained in the First and Second Count of the Complaint as if set forth herein at length.

2. To the extent the allegations of paragraph of 2 of the Third Count of Complaint are directed to Defendant, they are denied. Otherwise, Defendant denies that it has knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 2 of the Third Count of the Complaint.   .

3

3. To the extent the allegations of paragraph of 3 of the Third Count of Complaint are directed to Defendant, they are denied. Otherwise, Defendant denies that it has knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 3 of the Third Count of the Complaint.

WHEREFORE, Defendant, Wal-Mart Stores East, LP (improperly pled as Walmart Inc.), denies that Plaintiff is entitled to the relief requested in the Complaint, and requests that the Complaint be dismissed with prejudice, and that Defendant be awarded attorneys' fees, costs of suit and such other relief as the Court deems just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(No Proximate Cause)**

Any negligence by Defendant was not the proximate cause of any injuries which may have been sustained by Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

**(No Legal Duty)**

Defendant did not have a legal duty to Plaintiff at the time of the incident at issue, and in the alternative, if such duty did exist, Defendant did not breach that duty.

### FOURTH AFFIRMATIVE DEFENSE

**(Accidental or Unavoidable Injury)**

The Complaint, and each and every cause of action alleged therein, is barred because Defendant was not negligent at the time of the incident.

## FIFTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

The claims for damages have not accrued and are purely speculative, uncertain, and contingent.

## SIXTH AFFIRMATIVE DEFENSE

### (Improper Service)

Plaintiff's failure to comply with the New Jersey Court Rules pertaining to sufficiency of service of process bars all claims in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Offset)

Defendant asserts entitlement to a credit or a setoff with respect to all collateral payments to Plaintiff for injuries or damages arising from the alleged wrong pursuant to N.J.S.A. 2A:15-97.

## EIGHTH AFFIRMATIVE DEFENSE

### (Negligence of Plaintiff)

Any injuries or damages allegedly sustained by Plaintiff were caused by the sole negligence of the Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

### (Improper Venue)

The Complaint is barred because this Court is an improper venue.

## TENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

The Complaint, and each and every cause of action alleged therein, is barred by the avoidable consequences doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

Defendant alleges that Plaintiff was negligent, and otherwise at fault, with regard to the events alleged in the Complaint, and such negligence and fault is the proximate cause of any liabilities or damages Plaintiff may incur. Accordingly, Plaintiff's recovery, if any, should be precluded or reduced in proportion to her negligence and fault.

## TWELFTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

Defendant is informed and believes, and upon such information and belief alleges that Plaintiff and/or others were negligent, careless, reckless, and acted unlawfully in the use, control, direction and application of their bodily movements and the equipment, safety devices, and other facilities supplied to them and existing as a part of the environment, and the injuries and damages, if any, were directly and proximately caused and contributed to by their own negligence.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Necessary Parties)

Plaintiff has failed to properly join all parties which are necessary or indispensable to this action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims are subject to and barred by the applicable statute of limitations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Superseding Cause)

The Complaint, and each and every cause of action alleged therein, is barred by the fact that a third party's conduct is a superseding cause of the alleged harm or injury.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Unforeseeable Damages)

The Complaint, and each and every cause of action alleged therein, is barred because Plaintiff's alleged damages or injuries were unforeseeable at the time of the acts or omissions asserted in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend its answer and/or assert additional defenses and/or supplement, alter and/or change its answer upon revelation of more definite facts and/or further discovery.

WHEREFORE, Defendant, Wal-Mart Stores East, LP (improperly pled as Walmart Inc.), denies that Plaintiff is entitled to the relief requested in the Complaint, and requests that the Complaint be dismissed with prejudice, and that Defendant be awarded attorneys' fees, costs of suit and such other relief as the Court deems just.

Dated:  May 27, 2020

/s/ Nada M. Peters
Nada M. Peters, Esq.
**D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
Four Century Drive | Suite 350
Parsippany, New Jersey 07054
Tel.: 973.734.3200
Fax: 973.734.3201
Email: npeters@darcambal.com
Attorneys for Defendant, Wal-Mart Stores East, LP (improperly pled as Walmart Inc.)

## JURY DEMAND

Defendant, Wal-Mart Stores East, LP (improperly pled as Walmart Inc.), hereby demands a trial by jury on all issues triable by a jury.

Dated: May 27, 2020                          /s/ Nada M. Peters
                                             Nada M. Peters, Esq.
                                             **D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
                                             Four Century Drive | Suite 350
                                             Parsippany, New Jersey 07054
                                             Tel.: 973.734.3200
                                             Fax: 973.734.3201
                                             Email: npeters@darcambal.com
                                             Attorneys for Defendant, Wal-Mart Stores East, LP (improperly pled as Walmart Inc.)

## DESIGNATION OF TRIAL COUNSEL

In accordance with Rule 4:25-4, Defendant hereby designates Nada Peters as trial counsel in this action.

Dated: May 27, 2020                          /s/ Nada M. Peters
                                             Nada M. Peters, Esq.
                                             **D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
                                             Four Century Drive | Suite 350
                                             Parsippany, New Jersey 07054
                                             Tel.: 973.734.3200
                                             Fax: 973.734.3201
                                             Email: npeters@darcambal.com
                                             Attorneys for Defendant, Wal-Mart Stores East, LP (improperly pled as Walmart Inc.)

## **DEMAND FOR ANSWERS TO INTERROGATORIES**

Defendant, Wal-Mart Stores East, LP (improperly pled as Walmart Inc.), demands that Plaintiff provide written answers to Uniform Interrogatories as set forth in Appendix II of the New Jersey Court Rules.

Dated:  May 27, 2020

/s/ Nada M. Peters
Nada M. Peters, Esq.
**D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
Four Century Drive | Suite 350
Parsippany, New Jersey 07054
Tel.: 973.734.3200
Fax: 973.734.3201
Email: npeters@darcambal.com
Attorneys for Defendant, Wal-Mart Stores East, LP (improperly pled as Walmart Inc.)

## **RULE 4:5-1 CERTIFICATION**

I hereby certify that to the best of my knowledge, information, and belief, the within matter in controversy is not the subject of any other pending or contemplated court actions or arbitration proceedings.

I further certify that to the best of my knowledge, information, and belief, I am not aware of any non-parties who should be joined in the action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  May 27, 2020                       /s/ Nada M. Peters
                                           Nada M. Peters, Esq.
                                           **D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
                                           Four Century Drive | Suite 350
                                           Parsippany, New Jersey 07054
                                           Tel.: 973.734.3200
                                           Fax: 973.734.3201
                                           Email: npeters@darcambal.com
                                           Attorneys for Defendant, Wal-Mart Stores East, LP (improperly pled as Walmart Inc.)

## **CERTIFICATION OF SERVICE**

    **I HEREBY CERTIFY** that I have caused the within Answer to be electronically filed through the Judiciary's ECourt application with the Superior Court, Bergan County, New Jersey, and that a copy of this pleading has been served electronically upon the following counsel and a courtesy copy has also been submitted to counsel via E-MAIL:

Francesca Aiello-Nicholas, Esq.
**Law Offices of Rosemarie Arnold**
1386 Palisade Avenue
Fort Lee, NJ 07024
FNicholas@rosemariearnold.com
Attorneys for Plaintiff,
Jerilyn Sergeant

Dated:  May 27, 2020                 /s/ Nada M. Peters
                                                Nada M. Peters, Esq.

# Civil Case Information Statement

### Case Details: BERGEN | Civil Part Docket# L-001981-20

**Case Caption:** SERGEANT JERILYN  VS WALMART INC.
**Case Initiation Date:** 03/24/2020
**Attorney Name:** NADA MAALOUF PETERS
**Firm Name:** D'ARCAMBAL OUSLEY & CUYLER BURK LLP
**Address:** PARSIPPANY CORPORATE CTR FOUR CENTURY DR, STE 350 PARSIPPANY NJ 070544663
**Phone:** 9737343285
**Name of Party:** DEFENDANT : WALMART INC.
**Name of Defendant's Primary Insurance Company** (if known): None

**Case Type:** PERSONAL INJURY
**Document Type:** Answer
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?**  NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: JERILYN  SERGEANT?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/27/2020
Dated

/s/ NADA MAALOUF PETERS
Signed